## Case No. 4,546.

The EUPHRATES, ETC.

[1 Gall. 451.] [1]

Circuit Court, D. Rhodes Island. June Term, 1813. [2]

[1] [Reported by John Gallison, Esq.]
[2] [Affirmed in 8 Cranch (12 U. S.) 385.]

STORY, Circuit Justice. The principles, which govern applications of this nature, have been settled in England, in a good degree, by statute. In the United States, they remain under the general regulations of admiralty proceedings. In prize causes, before a hearing, the property is never delivered to either party on bail, unless by consent. If it be perishable, the proper remedy is by an appraisement and sale. The Copenhagen, 3 C. Rob. Adm. 178. And in like manner the court will decree a sale, pending the proceedings, for any other justifiable cause. And upon sales under such decrees, the proceeds must be brought into court, and deposited in the registry, subject to the future order of the court. After a hearing, the property may, in the discretion of the court, be delivered on bail. In cases ordered for further proof, a delivery on bail is sometimes allowed to the claimants; and if they decline, to the captors. But it is a proceeding adopted with extreme caution, as it opens a door to many inconveniences, and sometimes to frauds. To avoid these, a decree of sale and deposit of the proceeds is usually and properly resorted to, especially on applications as to the cargo. And in no case should a delivery on bail take place, until the court is fully satisfied, that the appraisement is perfectly fair, and the property estimated at its full value. Where, on the hearing, the property is acquitted, and an appeal is interposed to a tribunal not sitting within the same jurisdiction, or into which the property does not follow the cause, (as is the case of the supreme court of the United States in relation to this court,) the claimants are generally allowed a delivery of the property, or, in case of sale, of its proceeds, on giving bail. Where there is a decree of condemnation, the same rule is in general adopted, as to the captors. But it is always an application to the sound discretion of the court, and if there be danger of injustice, the court will withhold it from either party, and content itself with retaining the property, or with ordering a sale thereof, and a deposit of the proceeds in the registry. In the various claims before the court, it seems to be conceded on all sides, that if the property is not to be de-

livered on bail, a sale thereof would be for the benefit of all parties. I should feel an extreme reluctance to deliver the property in any of these claims on bail, by appraisement, notwithstanding some of them are cases ordered for further proof. The goods were destined for this market, and it is more fair and just to all parties, to ascertain the value by a free and fair sale, than by an appraisement, which may be liable to many exceptions, and depends so much upon opinion.

I shall therefore direct a general sale, and a deposit of the proceeds in court, in all cases, except where a sentence of acquittal or condemnation has passed upon the property. In cases of condemnation, where the claimants have abandoned an appeal, and the United States alone have interposed an appeal, upon a claim to the property founded upon a supposed forfeiture, accruing from a breach of the non-importation act, as I have had little difficulty upon the principal hearing in rejecting this claim, I shall, after a sale, order the proceeds to be delivered over to the captors, upon giving bail. In the other cases of condemnation, I shall, under the circumstances, retain the proceeds of the property, which is to be sold, in court; and where the property has been heretofore delivered to the claimants on bail, I shall not order a payment of the value into court, but suffer it to remain until the final decision.